UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 0:15-cv-61150-KMM

EDMOND MONTAGUE GRANT,

    Plaintiff,

v.

SHARON POTTINGER-GIBSON,

    Defendant.
_____/

**ORDER DENYING MOTION TO SET ASIDE DEFAULT JUDGMENT**

This cause is before the Court on Defendant Sharon Pottinger-Gibson's Motion to Set Aside Entry of Default and Default Judgment [D.E. 17]. For the reasons developed below, the Court denies the motion.

**I.    BACKGROUND**

This is an action for breach of a promissory note. Defendant Sharon Pottinger-Gibson entered into a promissory note with Plaintiff Edmond Montague Grant. Under the terms of the note, the Defendant agreed to pay the Plaintiff $286,000, plus interest, in exchange for certain copyright assignments and transfers. The Defendant defaulted on the note.

Upon default, the Plaintiff filed suit in Florida state court. The Plaintiff served the defendant with the summons, the complaint, and initial discovery requests, all of which stated the date by which the Defendant was required to respond. The Defendant then removed the action to federal court. At no time did the Defendant respond to the complaint or discovery requests.

After the Defendant failed to respond, on July 2, 2015, the Plaintiff moved for entry of default against the Defendant. Four days later, the Clerk entered default. On July 22, 2015, the Plaintiff moved for default judgment. The next day, the Court granted the Plaintiff's motion for final default judgment in the amount of $377,420.80, representing principal, interest, and attorney's fees. Copies of all these papers were served on the Defendant, yet she still failed to respond.

The Defendant now moves to set aside the default final judgment.

## II.   LEGAL STANDARD

A party seeking to set aside a court's entry of default judgment must proceed under Federal Rule of Civil Procedure 60(b). *Davila v. Alcami Grp., Inc.*, No. 12-23168-CIV-MORENO, 2013 WL 1934168, at *3 (S.D. Fla. May 9, 2013) (citation omitted). "By its very nature, the rule seeks to strike a delicate balance between two countervailing impulses: the desire to preserve the finality of judgments and the 'incessant command of the court's conscience that justice be done in light of all the facts.'" *Aldana v. Del Monte Fresh Produce N.A., Inc.*, 741 F.3d 1349, 1355 (11th Cir. 2014) (citation and quotation omitted). The first five provisions of Rule 60(b) offer relief in specific circumstances, including in the event of mistake, fraud, or newly discovered evidence. Rule 60(b)(6) provides a catch-all, authorizing a court to grant relief from a judgment for "any other reason that justifies relief." While Rule 60(b) generally requires liberal application in cases of default judgments, this policy does not apply in cases of willful misconduct, carelessness, or negligence. *Ellingsworth v. Chrysler,* 665 F.2d 180 (7th Cir.1981).

## III.   DISCUSSION

The Defendant seeks to set aside the default judgment entered against her under Rule 60(b)(1) for mistake, inadvertence, surprise, or excusable neglect, as well as under Rule 60(b)(6)

2

for any other reason justifying relief.  As shown more fully below, the Court finds that the Defendant is not entitled to relief from final default judgment on either ground.  The Defendant has failed to offer a meritorious defense entitling her to relief under Rule 60(b)(1), and she has failed to show "extraordinary circumstances" justifying relief under Rule 60(b)(6).

### A.     The Defendant Is Not Entitled To Relief Under Rule 60(b)(1)

To set aside a default judgment for mistake, inadvertence, or excusable neglect, the defaulting party must show that (1) it had a meritorious defense that might have affected the outcome, (2) granting the motion would not prejudice the opposing party, and (3) good reason existed for failure to respond to the complaint.  *Davila v. Alcami Grp., Inc.*, No. 12-23168-CIV-MORENO, 2013 WL 1934168, at *3 (S.D. Fla. May 9, 2013).  The moving party must establish a meritorious defense "by a clear and definite recitation of the facts."  *Gibbs v. Air Canada*, 810 F.2d 1529, 1538 (11th Cir. 1987).  "A general denial of the plaintiff's claims contained in an answer or another pleading is not sufficient."  *S.E.C. v. Simmons*, 241 F. App'x 660, 664 (11th Cir. 2007).  Rather, the moving party "must make an affirmative showing of a defense that is likely to be successful."  *Solaroll Shade & Shutter Corp. v. Bio-Energy Sys., Inc.*, 803 F.2d 1130, 1133 (11th Cir. 1986).  "Neither ignorance nor carelessness on the part of a litigant or his attorney provide grounds for relief under Rule 60(b)(1)."  *Ben Sager Chemicals Int'l, Inc. v. E. Targosz & Co.*, 560 F.2d 805, 809 (7th Cir. 1977) (citation omitted).

The Plaintiff's complaint asserts claims for breach of a promissory note, breach of an oral agreement, breach of a written agreement, and unjust enrichment, all arising from the $286,000 loan the Plaintiff made to the Defendant under the promissory note.  The Defendant does not deny these claims.  She does not deny that the Plaintiff loaned her $286,000 pursuant to a

3

promissory note. The Defendant does not deny that she defaulted on the note. And the Defendant does not deny that the balance of the note is due and owing to the Plaintiff.

In an attempt to establish a meritorious defense, the Defendant attacks the enforceability of the promissory note on various grounds, all of which fail. First, citing Florida Statute 90.953, she argues that the note is unenforceable because the Plaintiff failed to deliver to the Court the original note, instead providing only a copy of the note. Section 90.953 provides that "[a] duplicate is admissible to the same extent as an original, unless . . . [t]he document or writing is a negotiable instrument," which includes a promissory note. Fla. Stat. § 90.953(1); *Figueredo v. Bank Espirito Santo*, 537 So. 2d 1113, 1113 (Fla. 5th DCA 1989). A party suing on a note must therefore be in possession of the original note or reestablish the note pursuant to Florida Statute 673.3091. "If [the party] is not in possession of the original note, and cannot reestablish it, the party simply may not prevail in an action on the note." *Dasma Investments, LLC v. Realty Associates Fund III, L.P.*, 459 F. Supp. 2d 1294, 1302 (S.D. Fla. 2006). In response to the Defendant's defense, the Plaintiff submitted an affidavit from his attorney, who prepared the note, representing that "[t]here is no better 'original' copy of the Note than what is presented here because the Note was circulated between the parties by email transmissions so that the best evidence is, in fact, the copy that was attached and returned with the email from defendant confirming that she had executed it." Based on these facts, the Plaintiff is effectively in possession of the original promissory note, satisfying the requirements of Florida Statute 90.953.

Second, the Defendant maintains that the promissory note is unenforceable because it does not contain the necessary tax stamps, as required by Florida Statute 201.08(1)(B). She is wrong on the law. As the Fourth District Court of Appeal held in *Glenn Wright Homes (Delray) LLC v. Lowy*, 18 So. 3d 693, 695 (Fla. 4th DCA 2009), Section 201.08(1) "contains no provision

4

requiring stamps to be attached to a promissory note not recorded or filed in the public records before the note can be enforced." Hence the absence of any stamps has no bearing on the note's enforceability.

Third, the Defendant contends that the promissory note is unenforceable because it is made on behalf of non-party entities, and so her liability under the note is unclear. While it is true that the note is made "[f]or and on behalf of" various non-party entities, the Defendant signed the promissory note. As such, she is liable on the note. In any event, even if she were not personally liable, the Defendant has failed to sustain her burden of presenting a meritorious defense to the contrary. She offers no evidence disproving her personal liability under the note. Absent an affirmative showing of a defense that is likely to prevail, through specific facts and evidence, the Defendant is personally liable on the note.

Lastly, the Defendant argues that the promissory note is unenforceable because the Plaintiff did not include with his complaint several written agreements referenced in the note, and so it is impossible to determine the parties' liabilities under the note. Even if the agreements referenced in the note did have some bearing on the parties' liabilities, it is the Defendant's burden to make this showing, not the Plaintiff's. The Defendant has failed to present a meritorious defense based on these written agreements.

In short, the Defendant has failed to put forth a meritorious defense that she is not liable for the full amount due and owing under the note. Accordingly, the Defendant's motion to set aside the default judgment under Rule 60(b)(1) because of mistake, inadvertence, surprise, or excusable neglect is denied.

**B.     The Defendant Is Not Entitled To Relief Under Rule 60(b)(6)**

Rule 60(b)(6) allows a court to relieve a party from a final judgment for 'any other reasons that justifies relief." As the Eleventh Circuit has explained, "Rule 60(b)(6) motions must demonstrate 'that the circumstances are sufficiently extraordinary to warrant relief.'" *Aldana v. Del Monte Fresh Produce N.A., Inc.*, 741 F.3d 1349, 1355 (11th Cir. 2014) (quoting *Cano v. Baker*, 435 F.3d 1337, 1342 (11th Cir. 2006)). "The party seeking relief has the burden of showing that absent such relief, an 'extreme' and 'unexpected' hardship will result." *Griffin v. Swim-Tech Corp.*, 722 F.2d 677, 680 (11th Cir. 1984). Even then, "whether to grant the requested relief is a matter for the district court's sound discretion." *Toole v. Baxter Healthcare Corp.*, 235 F. 3d 1307, 1317 (11th Cir. 2000).

The Defendant fails to show any extraordinary circumstances rendering her eligible for the catchall provision of Rule 60(b)(6). She has not shown that absent relief a hardship, much less an "extreme" or "unexpected" hardship, would result. Accordingly, the Defendant's motion to set aside the default judgment under Rule 60(b)(6) is denied.

**IV.     CONCLUSION**

For the foregoing reasons, it is ordered and adjudged that the Defendant's Motion to Set Aside Entry of Default and Default Judgment [D.E. 17] is denied.

Done and ordered in Chambers at Miami, Florida, this __3rd__ day of March, 2016.

K. MICHAEL MOORE
CHIEF UNITED STATES DISTRICT JUDGE

c:     Counsel of record

6